UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Samuel Zean, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br>v.<br><br>HomeAdvisor, Inc.,<br><br>                              Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT** |

## NATURE OF THE CASE

1. Spam phone calls and voicemail messages to cellular telephones are an expensive and annoying problem for consumers and network operators in the United States. The increasingly complex nature of cellular telephones allows spammers to engage in sophisticated attacks through a phone's voice and data channels using phone calls and voicemail messages to entice recipients to purchase goods or services.

2. In an effort to increase its sales, Defendant HomeAdvisor, Inc. ("Defendant") made unauthorized phone calls using computer software designed to "blast" phone calls and voicemail messages to many telephone numbers simultaneously. The unauthorized phone calls and voicemail messages promoted Defendant's goods and services. Upon information and

belief, Defendant made such phone calls and left such voicemail messages to thousands of individuals.

3. By making unauthorized phone calls and leaving unauthorized voicemail messages, Defendant has caused consumers actual harm because (1) consumers are subjected to intrusion and aggravation that accompanies the receipt of spam phone calls and voicemail messages, and (2) consumers frequently may have to pay their cellular phone service providers to receive phone calls, and (3) consumers are subjected to intrusion and aggravation that accompanies the receipt of spam phone calls and voicemail messages.[1]

4. In order to redress these injuries, Plaintiff Samuel Zean ("Plaintiff") on behalf of himself and a nationwide class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited telephone calls and voicemail messages to cellular phones.

5. Plaintiff, individually, and on behalf of the proposed class, seeks an injunction requiring Defendant to cease all phone call and voicemail message advertising activities, an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

---

[1] The recipient of phone call or voicemail message has a cause of action under the TCPA regardless of whether the recipient had to pay a higher phone bill as a result of the phone call or voicemail message. *Stern v. DoCircle, Inc.*, 2014 WL 486262, at *6 (C.D. Cal. Jan. 19, 2014).

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Samuel Zean is a resident of the city of Brooklyn Park in the state of Minnesota.

7. Defendant HomeAdvisor, Inc., ("Defendant") is a Delaware corporation with its principal place of business in Golden, Colorado. Defendant purports to maintain an online network of home improvement professionals from which consumers can select for their home improvement needs.

8. Defendant is a subsidiary of IAC/Interactive Corp., a Delaware Corporation that operates numerous online businesses.

9. This court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events giving rise to the claim occurred in Minnesota.

## FACTUAL BACKGROUND

11. In 2014, Plaintiff owned and operated a small business that offered janitorial and cleaning services.

12. In January, February, and March of 2014, Plaintiff received telemarketing calls from Defendant on his cellular telephone, wherein it

solicited him to join Defendant's network of home improvement professionals.

13. One of the numbers from which Defendant called Plaintiff was identified as "303-963-8428."

14. These calls made by Defendant were generated by an automatic dialer, as evidenced by the fact that when these calls went to Plaintiff's voicemail, Defendant left a prerecorded voicemail message.

15. As further evidence of the automatic nature of the calls, when Plaintiff answered these calls, there would be a pause and then he would hear the sound of a telephone ringing on the other end as if he was the one who placed the phone call.

16. Upon information and belief, Defendant sent or transmitted, or had sent or transmitted on its behalf, the same or substantially the same phone calls and voicemail messages *en masse* to a list of thousands of wireless telephone numbers using a computerized automatic telephone dialing system as defined by the TCPA, that stores or produces telephone numbers or receives telephone numbers from a database, or dials random or sequential numbers.

17. Before receiving these calls, Plaintiff had never had contact with Defendant, nor had he given prior express written consent to Defendant to make telemarketing calls, or any other type of call, to his cellular telephone.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Class") defined as follows:

> All persons in the United States and its territories who received one or more unauthorized automated or pre-recorded phone calls or voicemail messages from or on behalf of HomeAdvisors, Inc.

Plaintiff reserves the right to redefine the Class or subclass prior to class certification.

19. Numerosity: Members of the proposed Class are so numerous that their individual joinder is impracticable. The precise number of members is unknown to Plaintiff at this time. However, upon information and belief, it is at least several thousand individuals. The true number of proposed members is, however, known by Defendant, and thus, Class members may be notified of the pendency of this action by first class mail, electronic, and published notice using information in Defendant's business and marketing records.

20. Commonality: There are numerous questions of law and fact common to Plaintiff and the proposed Class; those questions predominate over any questions that may affect individual Class members, and include the following:

5

- whether Defendant violated the TCPA by making unauthorized phone calls to and leaving unauthorized voicemail messages for Plaintiff and members of the proposed Class;

- whether the equipment Defendant used to make the phone calls in question was an automatic telephone dialing system as defined by the TCPA;

- whether Plaintiff and members of the proposed Class are entitled to statutory damages under the TCPA;

- whether Plaintiff and members of the proposed Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

- whether Plaintiff and members of the proposed Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

21. Typicality: Plaintiff's claims are typical of the other members of the proposed Class because they received unauthorized phone calls and voicemail messages from Defendant using an automatic telephone dialing system.

22. Adequacy: The named Plaintiff will adequately represent the interest of the proposed Class. Defendant has treated him in the same manner as other proposed Class members. Plaintiff is committed to vigorously prosecuting this action. Plaintiff has retained counsel well qualified to handle lawsuits of this type. Plaintiff has no interests that are adverse to those of the proposed Class.

23. Declaratory and Injunctive Relief: Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other proposed Class

members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

24. Predominance: This case should be certified as a class action because the common questions of law and fact concerning Defendant's liability for making unauthorized phone calls and leaving unauthorized voicemail messages will predominate the litigation over any questions that may affect individual Class members.

25. Superiority: A class action is the only realistic method available for the fair and efficient adjudication of the claims of the proposed Class. The expense and burden of individual litigation makes it impracticable for members of the proposed Class to seek redress individually for the wrongful conduct alleged in this Complaint. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be contrary to the interest of justice and equity. Litigating these claims in a single action will streamline discovery and avoid needless repetition of evidence at trial.

**Count One**
VIOLATION OF THE TCPA
47 U.S.C. § 227, *et seq.*
(Brought by the named Plaintiff individually and on behalf of the Class)

26. Plaintiff incorporates and realleges all allegations above as if fully set forth herein.

27. The TCPA states, in part:

> It shall be unlawful ... (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... (iii) to any telephone number assigned to a ... cellular telephone ... .
>
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver the messages without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1).

28. The TCPA defines "telemarketing call" or "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encourage the purchase or rental of ... goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

29. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone

8

numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

30. Before making a phone call or leaving a voicemail message, the initiating party must obtain "prior express written consent" from the called party. "Prior express written consent" must:

- Be in the form of a writing bearing the written or electronic signature of the person providing consent;

- Specify the telephone number to which the person is consenting to be called; and

- Clearly authorize the company to call the person using an auto-dialer system or an artificial or prerecorded message for telemarketing purposes.

27 C.F.R. § 64.1200(f)(8).

31. Defendant made telephone solicitations, including but not limited to, the phone calls and voicemail messages depicted above, to the wireless telephone numbers of Plaintiff and the members of the proposed Class.

32. The phone calls and voicemail messages sent to Plaintiff and the proposed Class members were sent using equipment that had the capacity to store and/or produce telephone numbers and to dial such numbers. Upon information and belief, the equipment may also be programmed to generate and dial random or sequential numbers. By using such equipment, Defendant was able to effectively make phone calls and leave voicemail

9

messages simultaneously to thousands of wireless telephone numbers *en masse* without human intervention.

33. The telephone calls were made and the voicemail messages left through the use of an automated dialing service or an artificial or prerecorded voice and without the express written consent of the Plaintiff and the proposed Class members.

34. Defendant's conduct in making the phone calls and leaving the voicemail messages violates 47 U.S.C. § 227(b)(1)(A)(iii).

35. As a result of Defendant's violation, the members of the classes suffered actual damages by, *inter alia*, having to pay their respective wireless carriers for their phone calls where applicable and, under 47 U.S.C. § 227(b)(3)(B), are entitled to, *inter alia*, a minimum of $500 in damages for each violation of the TCPA, and up to $1,500.00 if Defendant's violation of the TCPA is determined to be willful.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter judgment in his favor as follows:

   a. certifying the proposed Class under Fed. R. Civ. P. 23 and appointing Plaintiff and his counsel to represent the Class pursuant to Fed. R. Civ. P. 23(g);

b. awarding actual and statutory damages to Plaintiff and the proposed class;

c. awarding Plaintiff and the proposed class pre-judgment and post-judgment interest;

d. awarding Plaintiff and the proposed Class appropriate equitable relief requiring Defendant to cease all cellular phone advertising activities;

e. awarding payment of any penalties or other amounts under any applicable laws, statutes, or regulations;

f. entering judgment in favor of each Class member for damages suffered as a result of the conduct herein;

g. awarding Plaintiff reasonable attorneys' fees and costs; and

h. granting such other and further legal and equitable relief as this Court deems just and necessary.

## JURY DEMAND

Plaintiff demands trial by jury on all counts where a jury is available.

Dated: January 16, 2015  Baillon Thome Jozwiak & Wanta LLP

 s/ Shawn J. Wanta                              .
Shawn J. Wanta, #0389164
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone:  (612) 252-3570
Facsimile:  (612) 252-3571

*Attorneys for Plaintiff*

12